### CUMBERLAND AND OXFORD CANAL CORPORATION
#### vs.
### CITY OF PORTLAND.

*Action. Corporation. Demurrer. Municipal liability. Nuisance.*

If the state of facts necessary to support an action of nuisance exists, a corporation can institute such action, notwithstanding its charter and laws amendatory thereof provide special and peculiar remedies for such injuries to its property as constitute the acts of nuisance declared upon, and give authority for special proceedings relative thereto. These remedies and proceedings are not exclusive of the ordinary common law processes, or those authorized by general statutes.

The action may be maintained against a municipality if it is proved or admitted to be guilty of those acts of nuisance which are the foundation of such an action.

Where a declaration sets out a good cause of action, a demurrer thereto must be overruled and the declaration adjudged sufficient.

ON EXCEPTIONS.

CASE, for a nuisance committed by the defendants in filling up the bed of the plaintiffs' canal. The writ was dated December 9, 1870, returnable to the January term, 1871, of this court for Cumberland county. At the return term the defendants demurred to the declaration, which was as follows: In a plea of the case: "for that whereas the said Cumberland and Oxford Canal Corpor-

ation, on the twenty-first day of August, A. D., 1867, and for a period of thirty-five years prior thereto, were and had been pos- sessed of a certain canal, called the Cumberland & Oxford Canal, extending from Sebago lake, in said county of Cumberland, to the harbor of the city of Portland, surveyed, laid out, made and main- tained by the said Cumberland & Oxford Canal Corporation, under and by virtue of a charter or charters granted to the said Cumber- land & Oxford Canal Corporation, by the said State of Maine, and of right might use the same for all the purposes of canal navigation, without interference, obstruction or hindrance, of all which the said defendants were well knowing, but contriving and intending to in- jure the plaintiffs, and to deprive them of the use and benefit of their said canal, and the navigation thereof, the defendants, by their servants and agents, at said Portland, on the said twenty-first day of August, did fill up the bed of said canal, and cover the tow- path and berme bank thereof with earth and stones, commencing at a point near and south of Vaughan's Bridge, in said Portland, and extending the distance of twenty-eight rods southerly and easterly, according to the course of said canal, as laid out and oc- cupied, thereby rendering the said canal useless to the plaintiffs, and utterly destroying the same, and have kept the said bed of said canal, the berme bank and tow-path filled with earth and stones as aforesaid to the date of this writ, to the great nuisance of the said plaintiffs and all the citizens of the State having occa- sion to transact business upon said canal, and to the great damage of the plaintiffs, to wit, the sum of five thousand dollars."

The demurrer was, after joinder, overruled, and the defendants excepted.

*Symonds & Libby,* for the defendants.

This is a common law action for nuisance, in filling up the old site of plaintiffs' canal in the construction of West Commercial street. It is another form of complaining of the same acts alleged as the foundation of the suits of these same plaintiffs against the city, 56 Maine, 77, and against Mr. Hitchings, the contractor, 57 Maine,

146. Failing in these suits, brought upon special statutes made in their behalf, can they now resort to this general form of action? or are these special statute remedies, provided by special laws of 1821, c. 74, exclusive? As this act conferred the right and imposed the liability for its violation, we hold the remedy it gives to be exclusive, according to *Bath v. Miller*, 51 Maine, 347; Dwarris on Stats., 275, note 5; *Knowlton v. Ackley*, 8 Cush., 97; *Bassett v. Carleton*, 32 Maine, 553. And its provisions, together with those of the amendments thereto, are ample for the protection of the property and rights of this corporation. The penalty, under the Act of 1821, c. 74, § 7, is $5000; and by Special Laws of 1830, c. 86, §§ 15, 20, additional penalties are provided for every possible injury to the canal, its banks, gates and locks, or to the navigation thereof. The fifteenth section of this Act of 1830, punishes the precise offences now complained of by a penalty of $5 for each offence, and the payment by the offender of the expense of removing the obstruction. Section nineteen of the same act imposes fine and imprisonment for wilful trespasses upon the plaintiffs' property.

The care with which these provisions are framed indicate that it was intended they should be exclusive of general statutes and remedies, the twentieth section even prescribing the forms of action, the methods of procedure, and the courts which shall have jurisdiction.

This court held in 56 Maine, 77, that these special remedies could not be maintained against a municipal corporation; is there any more reason for sustaining the present action against the city? We think it cannot be supported. *Davis v. Bangor*, 42 Maine, 522; *Small v. Danville*, 51 Maine, 359; *Mitchell v. Rockland*, 52 Maine, 118; *C. & O. Canal v. Portland*, 57 Maine, 77; *Hawey v. Rochester*, 35 Barb., 177.

*Bradbury & Bradbury*, for the plaintiffs.

Under a special charter the plaintiffs constructed and operated a canal which the defendants have obstructed and still keep filled, for which this action is brought. That they have done so, is ad-

mitted by the demurrer, but it is contended that the defendants are confined to the remedies given by their act of incorporation, as amended, and cannot resort to this form of declaration. We say the provisions adverted to by the defendants are penal in their nature, and not applicable to civil suits.

RESCRIPT.

WALTON, J. The declaration avers, and therefore the demurrer admits, that the city of Portland did the acts complained of. Those acts are *prima facie* acts of trespass. No justification or excuse being shown, the plaintiffs are entitled to judgment.

*Exceptions and demurrer overruled.*
*Declaration adjudged good.*

CUTTING, BARROWS, DANFORTH and PETERS, JJ., concurred.

The following dissenting opinion was delivered by

APPLETON, C. J. The plaintiff corporation in their writ allege that the defendants, contriving and intending to injure it and deprive it of the use and benefit of its canal and the navigation thereof, by their servants and agents, on the twenty-first day of August, 1867, filled up the bed of said canal and covered the tow-path, &c., with earth and stones, thereby rendering the same useless to the plaintiffs and destroying the same, and have kept the bed of said canal and tow-path filled with earth and stones to the date of the writ, to the damage of the plaintiffs.

To this declaration the defendants have demurred.

The defendants are a municipal corporation. The common council is their agent. Their powers are limited and defined by law, and they can no more transcend them than any agent can bind his principal by acts beyond his authority; more especially when the extent of that authority is fully known. Their votes for illegal purposes are void. They cannot authorize nor command invasions of the rights of persons or property. Private property may be taken in certain cases for public uses by compensating the

owner therefor and complying with the regulations prescribed by law.

The city may raise money to enable it to comply with and discharge all its various municipal duties and obligations, but that is the extent of its power.

The acts in question do not appear to have been done under or by virtue of any authority conferred upon the city. They are naked trespasses upon the plaintiffs' property. The city of Portland had no more right to commit a trespass upon the property of the plaintiffs than upon the persons of the corporators. Nor could the city government pledge the estates of the inhabitants to make compensation for illegal acts which they had no authority to order or direct to be done.

If the acts were done in pursuance of an express vote of the city government, it was one not within the scope of their powers.

If they were done by the servants and agents of the city without any directory vote, they were the illegal and extra-official acts of such servants, for which the city would not be liable.

Such tortious acts could not be legally ratified, for the city government could no more ratify and confirm such illegal acts after their commision than it could, in advance, order and direct them to be done. *Small v. Danville,* 51 Maine, 359; *Mitchell v. Rockland,* 52 Maine, 118.

The remarks of Welles, J., in *Hawey v. City of Rochester,* 35 Barb., 178, are applicable to the case under consideration. "The question in the present case," he says, "then comes to this: have the common council authority by their agents, servants or otherwise, to enter summarily upon premises, within the corporate bounds of the city, which are owned or lawfully and peaceably possessed by another, and commit the tortious acts which the referee finds to have been committed in this case? The mere statement of the question would seem to indicate an answer in the negative. To maintain the affirmative would be monstrous. Most manifestly, it had no such power, and the case is one where the acts of the common council were clearly *ultra vires,* and for which

their constituent, the corporation, is not liable, even if the ordinance, under the authority of which the wrongful acts are alleged to have been done, had specifically directed the particular acts complained of to be done."

The result is the same, whether the agents did the tortious act specified in the plaintiffs' writ of their own volition, or in pursuance of the vote of the city government, which it had no authority to pass.